NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000216
15-MAR-2024
08:03 AM
Dkt. 142 SO**

NO. CAAP-18-0000216

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, DEPARTMENT OF PUBLIC SAFETY,
Employer-Appellant-Appellee,
v.
RUTH FORBES [MAB Case No. 354], Employee-Appellee-Appellant,
and
MERIT APPEALS BOARD, PAUL K.W. AU, VALERIE B. PACHECO,
and LAURIE SANTIAGO, Agency-Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-1242)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

This is a secondary appeal. Employee-Appellee-Appellant Ruth Forbes (**Forbes**) appeals from the March 8, 2018 Judgment (**Judgment**) and March 12, 2018 Notice of Entry of Judgment, entered by the Circuit Court of the First Circuit (**Circuit Court**),[1] in favor of Employer-Appellant-Appellee State of Hawaiʻi, Department of Public Safety (**DPS**), and against Forbes and Agency-Appellee-Appellee Merit Board of Appeals, *et al*. (**MAB**). Forbes also challenges the Circuit Court's: (1) February 23, 2018 Order (**Order Reversing MAB**) reversing MAB's June 30, 2017 Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)],

---

[1] The Honorable Keith K. Hiraoka (**Circuit Court Judge**) presided.

Decision and Order (**MAB Decision**);[2] (2) October 16, 2017 Order Denying Motion to Change Venue; Notice of Entry (**Order Denying Venue**); and (3) October 16, 2017 Order Granting [DPS's] Motion for Stay of [the MAB Decision], filed August 2, 2017 (**Order Granting Stay**).

Forbes raises five (5) points of error on appeal, contending that the Circuit Court erred in:  (1) granting DPS's motion to stay the MAB Decision because DPS did not satisfy the statutory criteria for a stay; (2) denying Forbes's motion to change venue because the Circuit Court Judge was conflicted and did not recuse himself; (3) finding and concluding in its Order Reversing MAB that MAB acted in excess of its statutory authority in the MAB Decision; (4) determining in the Order Reversing MAB that internal DPS policies supercede state law regarding discharge; and (5) assuming in its Order Reversing MAB that Forbes's conduct amounted to a criminal offense.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Forbes's points of error as follows:

(1)  Forbes contends that the Circuit Court erred in staying the MAB Decision because the court erroneously determined under the Life of the Land v. Ariyoshi, 59 Haw. 156, 577 P.2d 1116 (1978), balancing test that DPS satisfied all of the criteria set forth in Hawaii Revised Statutes (**HRS**) § 91-14(c)

---

[2]    The MAB Decision reversed DPS's discharge of Forbes as Warden of the Kulani Correctional Facility (**Kulani**), and reinstated Forbes's employment with DPS subject to a 60-day suspension.

(2012).[3] Forbes specifically argues that there was no showing of irreparable injury under § 91-14(c)(2), nor that the public interest would be served by staying the MAB Decision under § 91-14(c)(4).

The granting or denying of injunctive relief rests with the sound discretion of the trial court, and will be sustained absent a showing of a manifest abuse of discretion. Sierra Club v. Dep't of Transp. of State of Haw., 120 Hawaiʻi 181, 197, 202 P.3d 1226, 1242 (2009).

Regarding the first factor, the record shows that MAB found that there was credible evidence supporting 21 of 38 charges against Forbes, including serious incidents of Forbes sexually assaulting or harassing a subordinate, racially harassing subordinates, creating a hostile work environment, and lying to investigators. Thus, the Circuit Court did not abuse its discretion in finding a likelihood that DPS would prevail on the merits of its appeal of the MAB Decision when MAB upheld multiple serious charges against Forbes, but nevertheless

---

[3]   HRS § 91-14(c) provides:

§ 91-14   Judicial review of contested cases.
. . . .
(c) The proceedings for review shall not stay enforcement of the agency decisions or the confirmation of any fine as a judgment pursuant to section 92-17(g); but the reviewing court may order a stay if the following criteria have been met:
(1)   There is likelihood that the subject person will prevail on the merits of an appeal from the administrative proceeding to the court;
(2)   Irreparable damage to the subject person will result if a stay is not ordered;
(3)   No irreparable damage to the public will result from the stay order; and
(4)   Public interest will be served by the stay order.

reinstated Forbes primarily because Forbes had not been previously disciplined.

Regarding the second and third factors, the record includes evidence that re-instating Forbes could result in irreparable damage to DPS and its employees because, *inter alia*, many of the employees subject to Forbes's harassment or, who complained of a hostile work environment, are still employed at Kulani. On the other hand, the risk of irreparable harm to Forbes was low because if DPS lost on appeal, Forbes would have been reinstated as warden and received back-pay.

Regarding the final factor, *inter alia*, the public interest would be served by having Kulani be run free from Forbes's substantiated hostile and harassing workplace behavior until a final decision on the merits.

We conclude that the Circuit Court did not abuse its discretion in its Order Granting Stay.

(2) Forbes argues that the Circuit Court erred in its Order Denying Venue because (a) the Circuit Court Judge was conflicted and did not recuse himself to avoid any appearance of impropriety, and (b) the operative events occurred in the Third Circuit. HRS § 603-37 (2016) allows a court, at its discretion, to change the venue to another court upon satisfactory proof that the change would be more fair and equitable.

Even assuming, *arguendo*, that the Circuit Court Judge had a conflict, the appropriate remedy would be to transfer the case to a different court in the First Circuit, not transfer it to the Third Circuit. Forbes's first argument is without merit.

Regarding Forbes's second argument, the Circuit Court denied Forbes's change of venue because, *inter alia*, (1) DPS was appealing a decision from MAB, (2) MAB is located in Honolulu, (3) the MAB Decision was issued from Honolulu, (4) DPS's claim for relief arises on Honolulu, (4) Forbes's financial-based arguments were not persuasive, and (5) Forbes's separate civil lawsuits against DPS on Hilo are not procedurally related or substantively parallel to share, *e.g.*, discovery or motion practice. We conclude that the Circuit Court did not abuse its discretion in denying Forbes's motion to change venue.

(3) Forbes argues that the Circuit Court erred in concluding that MAB acted in excess of its statutory authority by: (a) concluding that Forbes was not an excluded civil servant subject to HRS Chapter 89C; (b) considering evidence outside of the record; and (c) concluding that MAB's decision to modify Forbes's discharge decision impinged upon the policies promulgated by the state director of human resources development (**Director**), contrary to HRS § 76-47 (2012).

Forbes argues that the Circuit Court ruled that HRS Chapter 89C did not apply to Forbes, and the court then rejected the "just cause" standard for discharging Forbes. Although the language in the court's order is somewhat unclear, it appears that the court determined that HRS Chapter 89C does apply to Forbes. This is correct. Forbes is excluded from collective

bargaining under HRS § 89-6(f)(3)(2012),[4] and excluded civil servants are subject to HRS Chapter 89C.  In any case, the Circuit Court did not reject the "just cause" standard.  The court determined that MAB exceeded its jurisdiction under HRS § 76-47(c)[5] by injecting its own policy opinion that the zero-tolerance policies promulgated by the Director were "not just under the circumstances and will not promote the efficiency of government service."

Forbes also contends that the Circuit Court erred in relying on documents not in the record on appeal, specifically, DPS Policy No. ADM.08.10.  However, DPS's first exhibit was the Public Safety Civil Rights Compliance Office's report of their investigation into Forbes, which included ADM.03.13.3.2, ADM.03.13.3.2a, and ADM.08.10.  This argument is without merit.

---

[4]     HRS § 89-6(f)(3) states:

> **§ 89-6  Appropriate bargaining units**.
> . . . .
>      (f) The following individuals shall not be included in any appropriate bargaining unit or be entitled to coverage under this chapter:
> . . . .
>      (3)  Top-level managerial and administrative personnel, including the department head, deputy or assistant to a department head, administrative officer, director, or chief of a state or county agency or major division, and legal counsel[.]

[5]     HRS § 76-47(c) states, in pertinent part:

> **§ 76-47  Merit appeals boards; appointment, authority, procedures**.
>      . . . .
>      (c) The merit appeals board shall adopt rules of practice and procedure consistent with section 76-14 and in accordance with chapter 91. . .   The rules shall recognize that the merit appeals board shall sit as an appellate body and that matters of policy, methodology, and administration are left for determination by the director.

In addition, Forbes argues that the Circuit Court erred in determining that MAB acted in excess of its statutory authority when MAB modified the Director's decision based on the principle of progressive discipline.

The Hawaiʻi Supreme Court has provided that "civil servants can be terminated only for just cause." Konno v. Cnty. of Haw., 85 Hawaiʻi 61, 68, 937 P.2d 397, 404 (1997). HRS § 76-46 (2012) states:

> **§ 76-46  Discharges; demotions.** An appointing authority may discharge or demote any employee when the appointing authority considers that the good of the service will be served thereby. Discharges may be made only for such causes that will promote the efficiency of government service.
>
> Demotions or discharges shall be in accordance with procedures negotiated under chapter 89 or established under chapter 89C, as applicable.

(Emphasis added).

HRS § 76-47(e) allows MAB, if it finds that the reasons for a disciplinary action are only partially substantiated, to sustain the action, with the power to modify the action if the circumstances so require. However, as noted *supra*, HRS § 76-47(c) instructs MAB to defer to the decision of the Director when reviewing matters of policy, methodology, and administration.

Further, Hawaiʻi Administrative Rules (**HAR**) § 14-25.1-4(y) states:

> §14-25.1-4  Appeal hearing.
> . . . .
> (y)  In conducting its business and rendering its decision, the board shall serve as an appellate body and shall not impinge on the authority of the director in matters of policy, methodology, and administration. All decisions and orders of the board shall be made in accordance with personnel laws, rules, policies, and practices[.]

(Emphasis added).

In the MAB Decision, MAB determined:

29.     Therefore, the Board finds based on the Findings of Fact, the allegations in charges 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 19, 20, 33, 37, 38, and 41 are substantiated as the term is used in HRS Section 76-47(e).[6]

MAB then concluded:

31.     While [DPS] has argued that the misconduct of [Forbes] is more than adequate to support the decision to terminate [Forbes's] employment, the Board does not believe that [Forbes's] discharge from employment was "just" or made for such cause that would "promote the efficiency of government service" under HRS Section 76-46.  While the Board finds that there are substantiated reasons to discipline [Forbes], the Board also finds that many of the charges were not substantiated and that there are several reasons why the Board does not believe that discharge was the appropriate discipline.

32.     Here, . . . [t]here was no evidence that [Forbes] was previously disciplined while a Warden or in any other position in DPS.  [Forbes] is a long time employee with the DPS having served for more than twenty years for DPS.  [Forbes's] actions herein do not justify the imposition of the severe sanction of discharge based on the principle of progressive discipline.  Thus, the Board does not find that the discharge of [Forbes] was just under the circumstances and will not promote the efficiency of government service.

33.     In view of the above, the Board finds that the action taken by [DPS] to discharge [Forbes] was not just or to promote the efficiency of government, thus [Forbes's] appeal is GRANTED.

In its Order Reversing MAB, the Circuit Court noted DPS policy no. ADM.03.13, which provides that discrimination and harassment of employees will not be tolerated, and employees who engage in such activity will be subject to discipline, including immediate discharge.  The Circuit Court determined that Forbes's sexual assault charge, that MAB found substantiated, subjected

---

     [6]     Charges 2-8 are for sexual assault/harassment, charges 9-15, 17, 19-20 are for harassment based on race/religion/ancestry/national origin, charges 33 and 37 are for yelling and swearing at subordinates, and charge 38 is for lying to department investigators.  MAB also found 17 of the 38 charges were unsubstantiated.

8

Forbes to immediate discharge under ADM 08.10,[7] and MAB was required to defer to the Director's policy under HRS § 76-47(c) and HAR § 14-25.1-4(y). Because MAB ignored DPS policy no. ADM 08.10, and substituted its own judgment on what would be a "just" reprimand for Forbes's substantiated sexual assault charge, MAB exceeded its statutory authority under HRS § 76-47(c) and HAR § 14-25.1-4(y), and the Circuit Court did not err in its determination.

(4) Forbes argues that the Circuit Court erred in finding that DPS internal policies supercede the "just cause" standard in discharge cases because Forbes's employment therefore became "at will."

The Circuit Court did not rule that DPS internal policies for discipline and discharge supercede a "just cause" standard for discharge. Pursuant to DPS policy ADM.08.10, the Director determined that a substantiated charge for sexual assault is "just cause" for discharge, and the court overruled MAB's decision to ignore that DPS policy. Regardless, there is no indication that Forbes's discharge arose without cause; rather, after investigation, DPS and MAB found and substantiated 21 violations of DPS policy. Forbes's argument that there was not "just cause" for her discharge revolves around a seven factor

---

[7] ADM.08.10 provides:

> **ADM.08.10 Workplace Non-Violence, 3.0--Policy:** The Department of Public Safety will put in place a zero-tolerance policy to any work related or workplace violence. Physical assault against employees or malicious property damage, behavior that imparts or intimates an intent to cause physical or mental harm to another person will be regarded as an act of violence.

test for "just cause" that Hawaiʻi courts do not appear to have adopted. Forbes does not demonstrate how, for example, a substantiated charge of sexual assault is not "just cause" for discharge. Forbes's fourth point of error is without merit.

(5) Forbes argues that the Circuit Court infringed on her substantive due process rights by assuming Forbes's guilt of a criminal offense for the conduct substantiated in the second charge. The court stated, in pertinent parts:

> The DPS civil rights compliance office investigator concluded that "Forbes' conduct was not welcome by [the employee]." Forbes' conduct **could have** subjected her to prosecution for sexual assault under HRS § 707-733: . . .
>
> Forbes' sexual assault of a subordinate DPS employee subjected her to "immediate discharge" under the DPS "zero-tolerance policy." ... In light of the substantiated charge no. 2 against Forbes for sexual assault, the Board exceeded its statutory authority and impinged upon the authority of the director by applying the principle of progressive discipline in lieu of the applicable zero-tolerance immediate discharge policy.

(Emphasis added). Forbes contends that the Circuit Court's findings here amount to "the First Circuit Court f[inding] [Forbes] criminally guilty of the offense of Sexual Assault in the Fourth Degree." This argument is without merit.

For the reasons set forth above, the Circuit Court's March 8, 2018 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, March 15, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge

Ted H.S. Hong,
for Employee-Appellee-                  /s/ Karen T. Nakasone
  Appellant.                            Associate Judge


Kimberly Tsumoto Guidry,                /s/ Sonja M.P. McCullen
First Deputy Solicitor General,         Associate Judge
Appellate Division,
Department of the Attorney General,
for Employer-Appellant-Appellee.


Karen R. Tashima,
Deputy Corporation Counsel,
for Agency-Appellees-Appellees.